UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAKEEM PARKINSON,<br><br>      Plaintiff,<br><br>  -against-<br><br>1199SEIU NATIONAL BENEFIT FUND<br>AND BENEFIT FUND STAFF ASSOCIATION,<br><br>      Defendants. | Case No.: 1:22-cv-01004-HG-RER |

**DEFENDANT 1199SEIU NATIONAL BENEFIT FUND'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

PRELIMINARY STATEMENT

Defendant, 1199SEIU National Benefit Fund ("NBF"), respectfully submits this *Reply Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint*.

Despite the best efforts of Plaintiff Rakeem Parkinson ("Plaintiff") to argue that Defendant Benefit Fund Staff Association ("BFSA") acted arbitrarily when it made the determination not to arbitrate his termination, Plaintiff cannot overcome NBF's argument that the BFSA provided a rational explanation for why it was refusing to arbitrate his termination. Plaintiff had been disciplined four (4) separate times by NBF during the course of his employment, the BFSA reviewed those disciplines in connection with his termination and ultimately made the decision not to pursue an arbitration. The sole basis for Plaintiff's claim that the BFSA acted arbitrarily is that the BFSA Grievance Committee recommended arbitration and the BFSA Executive Board decided against it. However, as will be set forth *infra*, the BFSA Grievance Committee failed to consider Plaintiff's disciplinary history in recommending arbitration while the BFSA Executive Board considered that history in deciding not to pursue an arbitration. Since Plaintiff has failed to allege any other facts that show that the BFSA acted arbitrarily, the Complaint fails to sufficiently allege a Hybrid-§ 301 Claim against NBF and it should be dismissed with prejudice.

ARGUMENT

I.

**Plaintiff Has Failed to Sufficiently Allege That
The BFSA Acted Arbitrarily Because It Did Not**

Plaintiff has not pled sufficient facts that show that the decision by the BFSA not to arbitrate his termination was arbitrary and that this decision was "so far outside the range of reasonableness to be irrational." *Pinkney v. Prog. Home Health Svcs.*, 367 Fed. App'x 210, 212-13 (2d Cir. 2010) (affirming district court decision dismissing breach of duty of fair representation

claim where union refused to arbitrate termination because of its determination that doing so would be futile). Instead, he points to Exhibits 7 and 8 to the *Affidavit of Jessica Torres* ("*Torres Aff.*") (Docket No. 24) and claims that because the BFSA Grievance Committee, which is an advisory board to the BFSA Executive Board, found that his case was "favorable to move forward to arbitration," any contrary decision by the BFSA Executive Board, which is the governing body for the BFSA, is arbitrary. *See* Memorandum of Law In Opposition to Defendant NBF's Motion to Dismiss (the "*Opposition Brief*") (Docket No. 26) at 7-8.

That the Executive Board did not adopt the recommendation of the Grievance Committee, however, is insufficient to establish that the BFSA breached its duty of fair representation to him, irrespective of whether or not the recommendation was sound, because "[i]t is not enough that a union made a bad or less than optimal decision; its actions must be without a rational basis or explanation." *Calderon v. United States Postal Svc.*, 18-cv-7085(NG)(PK), 2022 WL 1213320, at *6 (E.D.N.Y. April 25, 2022) (internal citations omitted). Here, the BFSA Executive Board gave a clear, rational decision in writing to Plaintiff why it was refusing to take his grievance to arbitration: "Given **your disciplinary record**, and **past warnings for similar behavior (which the union has discussed with you)**, the Executive Board determined that the BFSA will not pursue your termination grievance to an arbitration." *See Torres Aff.*, Exh. 8 (Docket No. 24) (**emphasis added**). In an effort to save his case, Plaintiff dissembles and states that "[t]he record does not reveal why the BFSA Executive Board overruled the Grievance Committee, and we will not know until discovery is conducted." *Opposition Brief* at 8. However, the BFSA Executive Board's decision is clear that it thought arbitration would be an exercise in futility.

Plaintiff relies on *Yearwood v. New York Presbyterian Hosp.*, No. 12 Civ. 6985 PKC, 2013 WL 4713793, *4 (S.D.N.Y. Aug. 20, 2013), in support of the Complaint. *Yearwood* is

distinguishable, however, because irrespective of whether the union could have reasonably decided not to arbitrate the grievance, the union in fact had commenced arbitration, but thereafter failed to timely schedule and compel arbitration, with the consequence that the planned arbitration was procedurally precluded and the Union inadvertently forfeited its rights and the court found that such a harmful accidental procedural omission is in itself arbitrary, and a breach. *Id.; see also Yearwood v. New York Presbyterian Hosp.*, No. 12. Civ. 6985, 2014 WL 1651942, at *11 (S.D.N.Y. Apr. 23, 2014) (citing Second Circuit precedent holding that such an egregious accidental procedural omission is in itself arbitrary and therefore a breach of duty).  Here, the BFSA made a determination, based upon Plaintiff's disciplinary history and likelihood of success, not to commence arbitration, which is not arbitrary or irrational, and not uncommon for altercation cases with threats of physical violence.

## II.
## The Court Can Properly Consider Documents
## Provided with NBF's Motion to Dismiss

Plaintiff attempts in the *Opposition Brief* to convince the Court that it should only consider documents attached to the *Torres Aff.* that supports his theory of the case, while ignoring others that he admits he relied upon. *See Opposition Brief* at 3-5.  As discussed in NBF's *Memorandum of Law In Support of Its Motion to Dismiss Plaintiff's Complaint* (the "*Moving Brief*") (Docket No. 23), on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court is permitted to "properly consider documents that are deemed included in, incorporated in, or integral to the complaint" as well as "the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp. 2d 176, 193-94 (E.D.N.Y. 2010); *see Ramlogan v. 1199SEIU United Healthcare Workers East*, No. cv-11-0125(SJF)(WDW), 2012

3

WL 113564, at *3 (E.D.N.Y. Jan. 11, 2012). Despite Plaintiff's claim on page 4 of the *Opposition Brief* that NBF failed to explain why each of the documents attached to the *Torres Aff.* should be considered by the Court, Plaintiff must have missed Footnote 3 on page 8 of NBF's *Moving Brief*. In that footnote, NBF explained that Plaintiff specifically referred to the text of the collective bargaining agreement between the BFSA and NBF (Exhibit 1 to the *Torres Aff.*), the BFSA Grievance Committee's November 17, 2021 memorandum (Exhibit 7 to the *Torres Aff.*), and the BFSA Executive Board's December 8, 2021 memorandum (Exhibit 8 to the *Torres Aff.*) in ¶¶ 25-27, 29-32, 34-37 of the Complaint. Plaintiff admits that Exhibits 1, 2, 7, and 8 of the *Torres Aff.* all played a part in the drafting of the Complaint. *See Declaration of Michael G. O'Neill* (Docket No. 25) at ¶¶ 2-3. Since each of these documents was referred to and quoted in the Complaint and were in the possession of Plaintiff and was known about and relied upon in drafting the Complaint, the Court can properly consider each of these documents in deciding NBF's Motion to Dismiss.[1] *See Holmes*, 745 F. Supp. 2d at 193-94; *Ramlogan*, 2012 WL 113564, at *3; *Naughton v. Local 804 Union*, 18-cv-28390 (MKB), 2019 WL 1003054, at *5-*6 (E.D.N.Y. Mar. 1, 2019).

---

[1] Notably, Plaintiff does not object to the consideration by the Court of Exhibit 7 to the *Torres Aff.*, which is the finding of the BFSA Grievance Committee. *See Opposition Brief* at 5. Presumably, Plaintiff does not object to the Court's consideration of this document because the findings of the BFSA Grievance Committee neatly fit into the legal theory advanced by Plaintiff, *e.g.*, that Plaintiff's grievance should have proceeded to arbitration and that the BFSA's final decision to forego arbitration was arbitrary. However, Plaintiff fails to sufficiently explain why Exhibit 7 to the *Torres Aff.* should be considered by the Court but Exhibit 8 to the *Torres Aff.*, which is the final, binding determination by the BFSA Executive Board that Plaintiff's grievance had no merit, should not be considered. Instead, Plaintiff alleges that "the document is hearsay" and that he "objects to its consideration for the truth of any of the factual assertions contained in it," even though he refers to that document in the Complaint and was relied upon in drafting the Complaint. *See Opposition Brief* at 5.

4

## CONCLUSION

For the reasons set forth above, the Complaint should be dismissed in its entirety.

Dated: August 18, 2022

                                               Respectfully submitted,

                                               By: s/Ian A. Weinberger
                                                    Ian A. Weinberger
                                                    Assistant General Counsel
                                                    498 7th Avenue, 10th Floor
                                                    New York, New York 10018
                                                    Phone (646) 473-6043
                                                    ian.weinberger@1199funds.org
                                                    Attorneys for Defendant
                                                    1199SEIU National Benefit Fund