UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAKEEM PARKINSON,

               Plaintiff,

     v.

1199 SEIU NATIONAL BENEFIT FUND, and
BENEFIT FUND STAFF ASSOCIATION,

              Defendants.

## MEMORANDUM AND ORDER
22-cv-01004 (HG) (RER)

**HECTOR GONZALEZ**, United States District Judge:

On February 14, 2023, Plaintiff Rakeem Parkinson filed a motion for reconsideration and to alter or amend a judgment (the "Motion"), ECF No. 30, seeking reconsideration of the Court's January 31, 2023, Order dismissing Plaintiff's complaint, ECF No. 1 (the "Complaint"), with prejudice, as to both Defendant 1199 SEIU National Benefit Fund ("NBF")—Plaintiff's former employer—and co-Defendant Benefit Fund Staff Association (the "BFSA," or the "Union") (collectively, "Defendants"). *Parkinson v. 1199 SEIU Nat'l Benefit Fund*, No. 22-cv-1004, 2023 WL 1368010 (E.D.N.Y. Jan. 31, 2023); ECF No. 28 (the "Order").[1] For the reasons set forth below, the Motion is denied.

In his Complaint, Plaintiff "allege[d] a breach of the duty of fair representation against the union and a breach of a collective bargaining agreement against his employer, both under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185." *Parkinson,* 2023 WL 1368010, at *1. The Court foregoes a more detailed recitation of the procedural history and facts of this case, which have previously been set forth in the Order. *See id*. at *1–2.

---

[1]     Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

## BACKGROUND

In the Order, the Court found, among other things, that: (i) it could consider a memorandum sent to Plaintiff by the BFSA's Executive Board (the "Board Memo") regarding its decision not to pursue Plaintiff's grievance to arbitration, *id.* at *5; see also ECF No. 24-8, and (ii) that Plaintiff did not sufficiently allege that the BFSA breached its duty of fair representation to Plaintiff, and thus, that Plaintiff's "hybrid" claim[2] against both Defendants failed, *Parkinson,* 2023 WL 1368010, at *2–5. *See also McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 142 (E.D.N.Y. 2014) ("To properly plead [a hybrid] claim, . . . an employee must allege *both* (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation in redressing her grievance against the employer."). Plaintiff had not asked to amend the Complaint, and the Court found that any attempt to re-plead would be futile. *Parkinson,* 2023 WL 1368010, at *6 n.8. Accordingly, the Court dismissed Plaintiff's claims against Defendants, with prejudice. *Id*. at *6.

The Clerk of Court entered judgment against Plaintiff on February 1, 2023. ECF No. 29. Two weeks later, on February 14, 2023, Plaintiff filed his letter "motion under FRCP 59(e) and Local Rule 6.3 for reconsideration of the Court's January 31, 2023, decision and order dismissing plaintiff's Complaint." ECF No. 30 at 1. On February 22, 2023, Defendant NBF

---

[2]     "A suit, which alleges that the employer breached the [collective bargaining agreement] and that the union breached its duty of fair representation, is known as a hybrid section 301/fair representation claim." *Forkin v. Loc. 804 Union (IBT)*, 394 F. Supp. 3d 287, 301 (E.D.N.Y. 2019).

filed its letter in opposition.[3]  ECF No. 31.  On February 25, 2023, Plaintiff filed his reply letter.
ECF No. 32.

## **STANDARD OF REVIEW**

The Motion seeks relief under both Rule 59(e) and Local Civil Rule 6.3.  The Court notes
that "[t]he standards for relief under Rule 59(e) are identical to those for motions for
reconsideration under Local Civil Rule 6.3." *Yelle v. Mount St. Mary Coll.*, No. 18-cv-10927,
2021 WL 311213, at *3 n.1 (S.D.N.Y. Jan. 29, 2021), *aff'd sub nom. Yelle v. Mount Saint Mary
Coll.*, No. 21-cv-480, 2022 WL 1715979 (2d Cir. May 27, 2022).  This is true even on a post-
judgment motion.  *See Yelle*, 2022 WL 1715979 at *2.

A motion for reconsideration or to alter or amend a judgment pursuant to Federal Rule of
Civil Procedure 59(e) "may be granted only if the movant satisfies the heavy burden of
demonstrating an intervening change of controlling law, the availability of new evidence, or the
need to correct a clear error or prevent manifest injustice." *Yelle*, 2021 WL 311213 at *2; *see
also Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (utilizing the same standard under
Local Civil Rule 6.3).  "Such motions must be narrowly construed and strictly applied in order to
discourage litigants from making repetitive arguments on issues that have been thoroughly
considered by the court." *Granados v. NYS DOCCS, Couns. Off.*, No. 22-cv-8804, 2023 WL
2366926, at *3 (S.D.N.Y. Mar. 6, 2023).  "[A] Rule 59(e) motion is not a vehicle for relitigating
old issues, presenting the case under new theories, securing a rehearing on the merits, or
otherwise taking a second bite at the apple." *Yelle*, 2021 WL 311213 at *2 (*citing Analytical
Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

---

[3]     Defendant BFSA has not been served and has not appeared in this case.  See ECF No.
17–19 (correspondence between Plaintiff and BFSA indicating that Plaintiff has not served the
union).

## DISCUSSION

Plaintiff seeks reconsideration of the Court's determination that:  (1) it could consider the "Board Memo" in deciding Defendant NBF's motion to dismiss, ECF No. 30 at 1; and (2) that Plaintiff failed adequately to allege that BFSA breached its duty of fair representation to Plaintiff, and thus failed to allege a hybrid claim against Defendants, *id.* at 2.  Plaintiff does not seek reconsideration of the Court's decision to dismiss the Complaint with prejudice and does not request leave to amend the Complaint.  In support of the Motion, Plaintiff argues that the Court "misapplied the law relating to Rule 12.[b].6 motions when it equated mere reference to a document with substantive incorporation of the contents of the document into the complaint," ECF No. 32 at 1, and that, "the only possible reading of plaintiff's complaint if plaintiff were given the benefit of every reasonable inference in his favor" is that Plaintiff adequately alleged that the Union breached its duty of fair representation.  *Id.*  Plaintiff does not point to any "intervening change of controlling law," nor "availability of new evidence," nor does he argue that reconsideration must be granted to "prevent manifest injustice," *Yelle*, 2021 WL 311213 at *2; *Cho*, 991 F.3d at 170.  Thus, Plaintiff's argument is that these determinations warrant reconsideration because they were examples of "clear error" on the part of the Court.  *Yelle*, 2021 WL 311213 at *2; *Cho*, 991 F.3d at 170.

Defendant NBF argues that "each of the arguments Plaintiff makes in support of the instant motion was already considered by the Court and rejected," ECF No. 31 at 1, and that the "Court was not required to accept any legal conclusions in the Complaint," *id*. at 2.

### A.  Consideration of the Board Memo

The Motion first argues that the Court should not have considered the Board Memo when deciding the motion to dismiss.  To support his argument that the Board Memo was not

incorporated by reference, Plaintiff cites only one case, *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), for the proposition that "merely referring to a document does not equate to incorporating it into the complaint by reference."  ECF No. 30 at 1.  Upon review, this appears to be a reference to arguments made by the plaintiffs in *Cortec*, not the conclusions of that court.[4]  *See Cortec*, 949 F.2d at 46 ("*Plaintiffs argued*, relying on our opinion in *Cosmas v. Hassett*, 886 F.2d 8 (2d Cir. 1989), that these documents could not be considered by the district court on a motion to dismiss because they were referred to—but not attached to nor incorporated by reference—in plaintiffs' complaint.") (emphasis added).[5]  *Cosmas*, in turn, stands for the proposition that a "[l]imited quotation does not constitute incorporation by reference."  886 F.2d at 13.

It is true that limited quotations are insufficient to incorporate a document by reference—rather, to be incorporated by reference, the complaint must make "a clear, definite and substantial reference to the documents."  *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003).  This is the standard the Court correctly applied in the Order.  *Parkinson*, 2023 WL 1368010, at *3.  Here, Plaintiff did more than provide a limited quotation from the Board Memo.  The Complaint gives the exact date of the memo, the author, the medium, and the key takeaway from the memo.  ECF No. 1 ¶ 37 ("On December 8, 2021, the Union's President wrote to plaintiff and informed him that the Union's Executive Board had decided not to submit plaintiff's grievance to arbitration.").  The Court does not believe that it was clear error to

---

[4]     The question posed in *Cortec* was not whether the documents were incorporated by reference, but whether they could be considered because they were integral to the complaint.  *Id.* at 46–48.  This is a different issue than is before this Court.

[5]     Ultimately, the court in *Cortec* found it unnecessary to reach the merits of this argument by plaintiffs.  *Id.*

consider this a "clear, definite and substantial" reference to the Board Memo.  *Helprin,* 277 F. Supp. 2d at 330–31.

In addition, Plaintiff argues that "it was error for the Court to credit [the contents of the Board Memo] as if they were established facts."  ECF No. 32 at 1.  However, when the Court decided the Board Memo should be incorporated by reference into the Complaint, it explicitly stated that it was not giving any credence to the contents of the memorandum.[6]  *Parkinson,* 2023 WL 1368010, at *5 ("When deciding to consider documents outside of the pleadings on a motion to dismiss, courts do not look to the truth of the documents . . . .").

## B. Even Without Considering the Board Memo, Plaintiff Failed to Allege Plausibly that the Union Breached Its Duty of Fair Representation

Even though the Court finds that it was not clear error to consider the Board Memo incorporated by reference, it also wishes to clarify that the Board Memo was unnecessary to the Court's decision to dismiss the Complaint.  The question is whether the factual allegations in the Complaint—omitting any reference to the Board Memo—sufficiently plead a breach of the duty of fair representation on the part of the BFSA.  "A union breaches its duty of fair representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Forkin*, 394 F. Supp. 3d at 300.  "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational."  *Perero v. Hyatt Corp.*, 151 F. Supp. 3d 277, 284 (E.D.N.Y. 2015).  The union "has a duty to perform some minimal investigation," and, after

---

[6]     The Board Memo essentially concludes that arbitration would not be worthwhile, notwithstanding the recommendation of the Grievance Committee, due to Plaintiff's "disciplinary record, and past warnings for similar behavior," ECF No. 24-8 at 1.  Nowhere in the Order did the Court consider any of the Union's conclusions made in the Board Memo, and it certainly did not give any credence to the idea that Plaintiff's grievance was not worth taking to arbitration due to his past disciplinary record.

such an investigation, acts arbitrarily if it "ignores or perfunctorily presses a meritorious claim." *Thomas v. Little Flower for Rehab. & Nursing*, 793 F. Supp. 2d 544, 548 (E.D.N.Y. 2011). However, "a union does not act arbitrarily where it fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." *Id*.

Without any consideration of the Board Memo, Plaintiff's case rests on two key allegations: (1) that the Union's internal Grievance Committee recommended sending Plaintiff's grievance to arbitration, and (2) that the Union's Executive Board decided not to send Plaintiff's grievance to arbitration. ECF No. 1 ¶¶ 36–37. Plaintiff argues that, from just these two allegations, the Court committed clear error in not concluding "that the Union's rejection of the findings of the grievance committee was arbitrary and capricious." ECF No. 32 at 1. The Court disagrees.

In his original opposition papers, Plaintiff only cited three cases that even addressed a union's duty of fair representation—none of which support his proposition that the Union breached its duty of representation by not following the recommendations of the Grievance Committee.

The Court finds it helpful to distinguish the cases cited by Plaintiff in his original opposition: The first case Plaintiff cited is *Thomas v. Little Flower*, 793 F. Supp. 2d at 549. ECF No. 26 at 6. There, the district court found that the plaintiff had sufficiently pled that the union breached its duty of fair representation when the union "falsely represented that her grievance was being processed or that a settlement was being negotiated." *Little Flower*, 793 F. Supp. 2d at 548–49. Plaintiff does not allege that the Union made any false representations in this case. The second case relied on by Plaintiff is *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12,

16 (2d Cir. 1993).  ECF No. 26 at 8.  There, a union member sought to appeal the district court's

grant of the defendant union's motion for judgment notwithstanding the verdict after trial where

the jury had found that the union failed to investigate the plaintiff's grievance.  *Samuels*, 992

F.2d at 14.  Not only is this procedurally distinct from the case now before the Court, but it is

also factually distinct—the Complaint in this case contains no allegation that the Union failed to

investigate Plaintiff's grievance.[7]  The third case Plaintiff cited, the one he considers "directly on

point," ECF No. 26 at 9, is *Yearwood v. New York Presbyterian Hosp.*, No. 12-cv-6985, 2013

WL 4713793, *4 (S.D.N.Y. Aug. 20, 2013).  ECF No. 26 at 9.  As the Court noted in the Order,

*Parkinson*, 2023 WL 1368010, at *5, the district court in *Yearwood* found that the plaintiff had

sufficiently pled that the defendant union breached its duty of fair representation when it

"arbitrarily refused to pursue [plaintiff's] claim *after* initiating arbitration."  *Yearwood*, 2013 WL

4713793 at *4 (emphasis added).   By pleading that the defendant union had initiated arbitration,

but then did not follow through with that proceeding, the plaintiff in *Yearwood* was able to allege

sufficiently that the defendant union's decision was arbitrary, rather than based on a "good-faith

determination not to pursue plaintiff's claim for lack of merit."  *Id*.  Here, by contrast, the

Complaint clearly states that the Union never initiated arbitration, ECF No. 1 ¶ 37, and thus, the

Court was not permitted to make a similar inference.

Rather, this case is much more analogous to *Perkins v. 199 SEIU United Healthcare

Workers E.*, 73 F. Supp. 3d 278, 284 (S.D.N.Y. 2014).  There, the plaintiff alleged that his

employer breached the relevant collective bargaining agreement by, among other things, failing

to pay him overtime compensation.  *Id*. at 280–82.  He further alleged that he raised these issues

with the defendant union and requested that the union file a grievance.  The union, however, did

---

[7]        In fact, the Complaint concedes that an investigation occurred.  ECF No. 1 ¶ 33.

not respond to these messages, nor did it file a grievance on plaintiff's behalf.  *Id*. at 282.  The plaintiff claimed that, by "ignoring" his messages regarding his allegedly meritorious grievances, the union breached its duty of fair representation.  *Id*. at 280.  The district court disagreed, granting defendants' motions to dismiss because it found that the plaintiff's complaint failed to establish that the union breached its duty of representation.  *Id.* at 284.

The facts in this case are similar, and, more importantly, the legal theory is the same—in both, plaintiffs argued that a union breached its duty of fair representation when it "ignores" information regarding an allegedly meritorious grievance.  That theory was rejected by the district court in *Perkins*, which instead concluded that plaintiff's allegations were insufficient to allege plausibly that the union "acted irrationally or with an improper motive."  *Id*. at 284.  This is because the complaint provided

> no basis to infer that [the union], in not initiating an investigation or otherwise following up, behaved arbitrarily or in bad faith. Under the facts alleged, it is at least equally plausible that, after receiving [plaintiff's messages], [the union] did not regard [plaintiff's] claim as consequential. It is also plausible that [the union], in good faith, simply misjudged the merits of [plaintiff's] claim[.]

*Id*.

The circumstances here are similar.  Even giving Plaintiff the benefit of every reasonable inference, the fact that the BFSA's Executive Board did not follow the recommendation of its Grievance Committee to initiate an arbitration is insufficient to permit the Court to infer that the Union acted "irrationally or with an improper motive."  *Id*.  The factual allegations in the Complaint allow, at best, a reasonable inference that the Union did not give enough weight to the Grievance Committee's findings, and thus, misjudged the merits of Plaintiff's claim.  Such a mistake, even if true, is insufficient to establish a union's breach of its duty of fair representation.  S*ee Perero*, 151 F. Supp. 3d at 284 (noting that unions must be given a "wide range of

reasonableness . . . to make discretionary decisions and choices, *even if those judgments are ultimately wrong*") (emphasis added); *see also, e.g., Reese v. Donahoe*, 90 F. Supp. 3d 11, 16 (E.D.N.Y. 2015) (allegations that union failed to submit a sworn statement during plaintiff's termination process, was at most evidence of negligence or error, and thus insufficient to state a claim for breach of the duty of fair representation); *Milk Wagon Drivers & Dairy Emps. v. Elmhurst Dairy, Inc.*, 14 F. Supp. 3d 90, 98 (E.D.N.Y. 2014) (allegations that union failed to correct inaccuracies during arbitration "only suggests that the Union was negligent or made a tactical error, which is simply insufficient to state a claim for breach of the duty of fair representation").  For Plaintiff to establish that the Union's actions went beyond tactical error, or negligence, to truly arbitrary conduct, something more must be alleged.  *See, e.g., Hill v. City of N.Y.*, 136 F. Supp. 3d 304, 350 (E.D.N.Y. 2015) (finding plaintiffs plausibly alleged defendant union breached the duty of fair representation where plaintiffs alleged "long-standing and widespread violations of the [collective bargaining agreement]"); *Yearwood*, 2013 WL 4713793 at *4 (finding plaintiffs plausibly alleged union breached duty of fair representation where union initiated arbitration but then inexplicably failed to follow through).  Ultimately, even given the lenient standard applied when considering a motion to dismiss, "Plaintiff has a heavy burden to demonstrate a breach of the duty of fair representation."  *Baguidy v. Boro Transit Inc.*, 283 F. Supp. 3d 14, 28 (E.D.N.Y. 2017).  A burden which he has failed to meet here.

Accordingly—even without considering the Board Memo and, once again, giving the Plaintiff the benefit of every reasonable inference—the Court finds it was not clear error to conclude that Plaintiff's allegations were "[in]sufficient to give rise to an inference that the BFSA acted in an arbitrary and capricious manner and violated its duty of fair representation to Plaintiff."  *Parkinson,* 2023 WL 1368010, at 11.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
         March 14, 2023